UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MACHIAS SAVINGS BANK<br><br>                Plaintiff,<br><br>v.<br><br>F/V *MOVIN ON* (O.N. 590588), together with her masts, boilers, cables, engines, machinery, electronics, fishing permits, tackle, traps, appurtenances, etc., *in rem,*<br><br>and<br><br>TIMOTHY J. EATON (a/k/a TIMMY J. EATON), *in personam,*<br><br>                Defendants. | |

**VERIFIED COMPLAINT TO FORECLOSE MARITIME LIEN**
***IN REM* AND *IN PERSONAM***

NOW COMES the plaintiff, Machias Savings Bank, by and through its undersigned counsel, and for its Verified Complaint states as follows.

                **A.**      **Introduction**

1.      This is a foreclosure action *in rem* against the F/V *Movin On* (O.N. 590588) her with her masts, boilers, cables, engines, machinery, electronics, fishing permits, tackle, traps, appurtenances, etc. (the "Vessel") and an *in personam* action against defendant Timothy J. Eaton (a/k/a Timmy J. Eaton) ("Eaton") as the mortgagor and obligor under a promissory note secured by a duly perfected first preferred ship mortgage against the Vessel.

1

### B.     Parties, Jurisdiction and Venue

2. Plaintiff Machias Savings Bank ("Plaintiff") is a Maine bank corporation with a principal place of business at 4 Center St., Machias, Maine.

3. The Vessel is a 42' commercial fishing vessel built in 1978 and documented pursuant to the laws of the United States of America bearing official number 590588.

4. The Vessel hails from the port of Stonington, Maine.

5. *In personam* defendant Eaton is an individual with a last known address of 61 Sunset Ave, P.O. Box 481, Stonington, ME 04681. (Collectively, Eaton and the Vessel are referred to herein as the "Defendants.")

6. This court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1333(1) and the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §§ 31301 to 31343.

7. This action is a maritime and admiralty claim within the provisions of Fed. R. Civ. P. 9(h) and within Fed. R. Civ. P. Supplemental Rules C and E for Certain Admiralty and Maritime Claims ("Supplemental Rules").

8. Venue is properly laid in the District of Maine pursuant to Supplemental Rules C and E and 28 U.S.C. § 1391(b) because the Vessel is afloat on the navigable waters of the United States of America within the District of Maine or otherwise located within the District of Maine, the Plaintiff's principal place of business is in Machias, Maine, and Eaton is domiciled in Stonington, Maine.

9. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the action on promissory note against Eaton as set forth in Count III of this Complaint because said claim is so related to claims within this court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

### C.  Factual Allegations

10. Eaton is the owner of the Vessel.

11. On or about November 5, 2015, Eaton borrowed the sum of $101,017.00 from the Plaintiff as a loan, and in consideration of said loan, issued and delivered a Promissory Note in the principal amount of $101,017.00 payable to the order of the Plaintiff.

12. A true and correct copy of the Note is attached hereto as Exhibit 1 and is incorporated herein by reference.

13. To secure the payment of the Note, Eaton, in accordance with the Commercial Instrument and Maritime Liens Act, executed and delivered a First Preferred Ship Mortgage dated November 5, 2015 ("Ship Mortgage") covering the Vessel, securing the Note, as well as further advances, not to exceed the total principal amount of $160,000.

14. By the terms of the Ship Mortgage, Eaton assigned, pledged, mortgaged, set over and conveyed the Vessel to the Plaintiff to secure the payment of the Note, further advances, and all other obligations as set forth in the Ship Mortgage.

15. A true and correct copy of the Ship Mortgage is attached hereto as <u>Exhibit 2</u> and is fully incorporated herein by reference.

16. The Ship Mortgage was duly recorded with the National Vessel Documentation Center in accordance with 46 U.S.C. § 31321 on November 25, 2015.

17. Eaton and the Plaintiff entered into four modification agreements of the Note, the first was effective June 12, 2019, the second was effective April 2, 2020, the third was effective October 7, 2020, and the fourth was effective December 16, 2022.

18. True and correct copies of the modification agreements are attached hereto together as <u>Exhibit 3</u>.

19. Eaton has defaulted pursuant to the Note and the Ship Mortgage by failing to make payments when due to the Plaintiff.

20. As modified by the fourth modification agreement, the Note is currently accruing interest at the default rate of 11.95% due to Eaton's default.

21. On or about November 21, 2023, the Plaintiff notified Eaton in writing that the Note was in default, and it provided Eaton with an opportunity to cure his default within 20 days. A copy of the notice of default is attached hereto as <u>Exhibit 4</u> and is incorporated herein by reference.

22. Eaton failed to cure his default.

23. As a remedy for Eaton's default, the Plaintiff has accelerated the Note making the entire balance immediately due and payable. A true and correct copy of the Plaintiff's notice of acceleration is attached hereto as <u>Exhibit 5</u> and is incorporated herein by reference.

24. Attached hereto as <u>Exhibit 6</u> is a true and correct Loan Payoff Statement itemizing charges due and owing to the Plaintiff by Eaton as of January 30, 2024.

25. As of January 30, 2024 the balance due under the Note is $29,645.07 in principal, $621.92 in accrued interest, $70.00 for mortgage and lien discharges necessary upon payoff, $3,006.60 for protective advances for insurance premiums, and $9,245.86, in late charges for a total of $42,769.45.

26. Plaintiff will incur costs for the repossession, storage, preservation, and transportation of the Vessel pursuant to the Ship Mortgage prior to her arrest by the United States Marshal.

## COUNT I
## FORECLOSURE OF MARITIME LIEN *IN REM*

27. The Plaintiff repeats and realleges the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

28. The Plaintiff holds a perfected priority maritime lien against the Vessel by virtue of the Ship Mortgage to secure the Note pursuant to the Commercial Instruments and Maritime Liens Act, 46 U.S.C. §§ 31301 and 31322, *et seq.*

29. Eaton is in default pursuant to the Note and the Ship Mortgage.

30. Interest continues to accrue pursuant to the Note at the default rate of 11.95% per annum after January 30, 2024.

31. Eaton's default under the Note is a breach of the condition of the Ship Mortgage.

32. The Plaintiff has an unsatisfied admiralty and maritime lien against the Vessel for debts in excess of $42,769.45, plus ongoing interest, and costs incurred at the request of the owner of the Vessel.

33. For the reasons set forth herein, the Vessel is liable, *in rem* to the Plaintiff in an amount in excess of $42,769.45, plus accruing interest, and other charges and costs of collection, and *in custodia legis* costs.

34. Pursuant to 46 U.S.C. § 31304(b), the Note, and the Ship Mortgage, the Plaintiff is entitled to recover its costs and attorneys' fees in this action.

35. All conditions precedent to the foreclosure of the Ship Mortgage have been satisfied.

WHEREFORE, the Plaintiff prays that this Honorable Court order, adjudge and decree:

(a) That process in due form of law according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction may issue against the Vessel and her masts, boilers, cables, engines, machinery, electronics, fishing permits, tackle, traps, appurtenances, etc. and all other necessaries thereunto belonging or pertaining, and that all persons claiming any interest in said Vessel may be cited to appear and answer to the matters aforesaid; and the citation according to the rules of this Court in causes of admiralty and maritime jurisdiction may issue against Defendants and that they may be cited to appear herein and to answer the allegations of this Complaint and that after due proceedings had, there may be judgment herein in favor of the Plaintiff, and against Defendants for the full amount of its claim as aforesaid;

    (b)    That the Plaintiff's First Preferred Ship Mortgage and maritime lien resulting from said First Preferred Ship Mortgage be recognized as the paramount lien against the Vessel;

    (c)    That the Vessel is condemned and sold to pay any claims and demands as aforesaid, with interest and costs, including reasonable attorneys' fees, and that the Plaintiff may have such other and further relief as in law and justice as it may be entitled; and that said the Plaintiff may become a purchaser at any sale of Vessel by bidding the amount due to it under the Note without liability for an outlay of cash;

    (d)    That it be declared that any and all persons, entities, or corporations claiming any interest in the Vessel are forever barred and foreclosed of and for all rights or equity of redemption or claim of, in and to the Vessel and every part thereof; and

    (e)    That judgment be awarded to the Plaintiff, in the amounts determined to be due from Eaton, plus accruing interest, pre and post-judgment interest, costs, and attorneys' fees;

    (f)    That judgment be awarded to the Plaintiff in the amount of any deficiency that may be due to the Plaintiff after applying the proceeds of the sale of the Vessel to the amount of the Plaintiff's claim; and

    (g)    Such other and further relief as this court may deem just and equitable.

## COUNT II
### FORECLOSURE OF MARITIME LIEN *IN PERSONAM*

36.    The Plaintiff repeats and realleges the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

37. By virtue of Eaton's debt to the Plaintiff, as evidenced by the Note, and secured by the Preferred Ship Mortgage, the Plaintiff has a maritime lien *in personam* against Eaton under the Commercial Instruments and Maritime Liens Act and the General Maritime Law of the United States of America.

38. All conditions precedent to this action have been satisfied.

WHEREFORE, the Plaintiff prays that this Court order:

a. That judgment be awarded to the Plaintiff in an amount to be determined by the court, plus accruing interest, pre-judgment interest, post judgment interest, costs and attorneys' fees;

b. That judgment be awarded to the Plaintiff against Timothy J. Eaton (a/k/a Timmy J. Eaton) in the amount of any deficiency that may be due to the Plaintiff after applying the proceeds of the sale of the Vessel to the amount of the Plaintiff's claim; and

c. Such other and further relief as this court may deem just and equitable.

## COUNT III
## ACTION ON PROMISSORY NOTE

39. The Plaintiff repeats and realleges the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

40. The Plaintiff is the holder of the Note and the party entitled to enforce the Note.

41. The Plaintiff has demanded payment of the Note, but Eaton has failed or refused to pay the Note.

42. The Note is immediately due and payable in full by Eaton.

43. All conditions precedent to this action have been met.

WHEREFORE, the Plaintiff prays for judgment against defendant Timothy J. Eaton (a/k/a Timmy J. Eaton) in an amount not less than $42,769.45, pursuant to the Note, plus additional accrued interest, pre-judgment interest, post judgment interest, costs, and attorneys' fees and such other and further relief as may be just and proper.

Dated at Portland, Maine this 14th day of February, 2024

*/s/ Aaron P. Burns*
Aaron P. Burns, Esq.
Counsel for Machias Savings Bank

PEARCE, DOW & BURNS, LLP
2 Monument Sq. Ste 901
P.O. Box 108
Portland, ME 04112-0108
(207) 822-9900
aburns@pearcedow.com

[Verification page follows.]

## **Verification**

     1.     My name is Joseph S. Tuell. I am employed by Machias Savings Bank ("Bank") in the capacity of Vice President, Asset Management. In said capacity, I am responsible for supervising a portfolio of loans that are in default or are in danger of default. I am responsible for recovery of amounts owed by the loan obligors and to mitigate the Bank's losses through disposition of the Bank's collateral and/or by overseeing legal action by the Bank's outside legal counsel to enforce the Bank's rights under its loan documents.

     2.     I am the Bank's responsible officer for the loan relationship referred to in the Complaint. In the course of my job responsibilities, I have personal knowledge of the record keeping systems and practices of Machias Savings Bank. My job requires me to review and access Machias Savings Bank's customer loan files and account information frequently, if not daily. My knowledge of the facts contained in this Complaint is derived from my personal knowledge of Machias Savings Bank's business records. All of the records referenced in this Complaint are kept in the ordinary course of business by the Bank and were made at or near the time of the transactions by or from information transmitted by a person with knowledge of the facts set forth in said records. These records are kept by the Bank pursuant to its regular practice of making such records.

     3.     As to account entries and balances claimed to be due, the Bank's records are kept electronically in an industry standard secure electronic loan servicing system. Access to the loan servicing system is controlled by unique user id and password, and all access is logged. Users only have access to information required for their job responsibilities. Any credits to the account are made at or near the time of the transaction by a person with knowledge of the payment or credit. For example, a payment received by mail would be entered by an accounts payable clerk on the day of receipt. An electronic payment would be credited through the Bank's online banking platform on the date selected by the customer and would provide the customer with an electronic receipt once processed. All debits and credits to a loan account are subject to accounting checks for accuracy. Each customer receives a monthly account statement which would allow the customer to verify if payments were credited as expected.

     4.     As to loan documents and correspondence, hard copies of documents are maintained in a secure facility, access to which is controlled and limited to Bank employees who require access for their job responsibilities. The Bank also maintains electronic copies of documents in its electronic file system. Loan records and correspondence are indexed to loan account number and borrower. Access to the electronic file system is controlled by user ID and password and all access is logged. Copies of loan documents are scanned and entered into the electronic filing system at or near the time they were generated by a person with knowledge of the transaction.

Correspondence is scanned and entered into the electronic filing system at or near the time of the correspondence by a person with knowledge.

5.  Based on my personal knowledge of the Bank's record-keeping systems, the business records referred to in the Complaint and my personal knowledge of the loan account of Timothy ("Timmy") Eaton, the facts alleged in the Complaint are true and correct.

I declare that pursuant to 28 U.S.C. § 1746 under penalty of perjury that the foregoing is true and correct based on my personal knowledge of the Bank's systems, books and business records set forth above.

Dated at Machias, Maine this 14th day of February, 2024

*/s/ Joseph S. Tuell*
Joseph S. Tuell
Vice President, Asset Management
Machias Savings Bank