## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MACHIAS SAVINGS BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:24-cv-00049-NT |
| | ) |
| F/V MOVIN ON (O.N. 590588), together with her masts, boilers, cables, engines, machinery, electronics, fishing permits, tackle, traps, appurtenances, etc., *in rem*, | ) ) ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| TIMOTHY J, EATON, *in personam*, | ) |
| | ) |
| Defendants. | ) |

### INTERLOCUTORY DEFAULT JUDGMENT

Having found that the Clerk has entered default (ECF No. 21) against Defendant F/V *MOVIN ON* (O.N. 590588), together with her masts, boilers, cables, engines, machinery, appurtenances, etc. (the "**Vessel**") and Defendant Timothy J. Eaton (together, the "**Defendants**"), and that the Defendants are not minors or incompetent persons and are not in the military, and that venue is properly laid in this Court, it is hereby **ORDERED** as follows:

1. This Court has original subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1333(1) and the Ship Mortgage Act, 46 U.S.C. §§ 30101 through 31443. This action is a maritime and admiralty claim within the provisions of Federal Rule of Civil Procedure 9(h) and Rules C and E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. An interlocutory default judgment in the amount of $44,046.86, plus attorneys' fees, costs (including *in custodia legis* costs) of $5,404.16, and prejudgment interest of 11.95% per annum is hereby entered against the Defendants and in favor of Plaintiff Machias Savings Bank.

3. The Court adjudges and decrees that Plaintiff Machias Savings Bank has a first preferred maritime lien against the Vessel by virtue of its First Preferred Ship Mortgage in the amounts set forth in paragraph 2 and that it is entitled to foreclose its lien. A separate Order of Interlocutory Sale directing the United States Marshal to sell the Vessel at a public auction shall issue.

4. The Vessel will be sold by the United States Marshal free and clear of liens, claims, and encumbrances.

5. At the public sale of the Vessel, Machias Savings Bank shall be entitled to credit bid the full amount of its indebtedness, plus costs advanced by it, as if paying cash at the sale. The sale of the Vessel shall be subject to confirmation by this Court as set forth in the Order of Sale.

6. The proceeds of the sale shall be applied in the following order:

*First*, to pay costs of sale, *custodia legis* costs of the United States Marshal, costs and expenses advanced by the Plaintiff, as well as Plaintiff's attorneys' fees in this matter; and

*Second*, to pay the sums secured by the First Preferred Ship Mortgage in the amount of $44,046.86, plus prejudgment interest at 11.95% through the date of the entry of final judgment; and

  ***Third***, any surplus to be paid to Defendant Timothy J. Eaton.

  6. Within 30 days of the confirmation of the sale of the Vessel by this Court, the Plaintiff shall file a motion for entry of final judgment and for any additional costs incurred and attorneys' fees. Defendant Timothy J. Eaton shall be liable for any deficiency arising from the sale of the Vessel.

SO ORDERED.

                /s/ Nancy Torresen
                United States District Judge

Dated this 16th day of October, 2024.