UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MACHIAS SAVINGS BANK<br><br>　　　　Plaintiff,<br><br>v.<br><br>F/V *MOVIN ON* (O.N. 590588), together with her masts, boilers, cables, engines, machinery, electronics, fishing permits, tackle, traps, appurtenances, etc., *in rem*,<br><br>and<br><br>TIMOTHY J. EATON, *in personam*,<br><br>　　　　Defendants. | No. 1:24-cv-00049-NT |

**PLAINTIFF'S MOTION TO CONFIRM SALE
AND FOR ENTRY OF DEFICIENCY JUDGMENT**

NOW COMES the Plaintiff, Machias Savings Bank ("Plaintiff") by and through its undersigned counsel, and moves: (a) to confirm the sale of F/V "Movin On" ("Vessel") to Machias Savings Bank for the sum of $29,600.00 pursuant to its credit bid, and (b) to enter a deficiency judgment against *in personam* defendant Timothy J. Eaton ("Eaton") in the amount of $28,713.67, plus attorneys' fees, additional prejudgment interest and costs. In support of this Motion, Plaintiff states as follows:

**Background**

1.　Plaintiff filed its Verified Complaint, *in rem* against the Vessel and *in personam* against Eaton on February 14, 2024. ECF No. 1. Pursuant to the Warrant of Maritime Arrest, *in rem* the U.S. Marshal for the District of Maine arrested the Vessel on March 1, 2024 and served the summons and Verified Complaint upon Eaton. ECF No. 13.

1

2. On April 12, 2024, the Clerk entered Eaton's default and the default of the Vessel. ECF No. 21.

3. On October 16, 2024, the Court entered an Interlocutory Default Judgment against the Defendants in the amount of $44,056.86, plus costs, pre-judgment interest at 11.95% through the date of final judgment, and attorneys' fees. ECF No. 23. On the same date, the Court issued an order authorizing the interlocutory sale of the Vessel by the Marshal.

4. The Marshal scheduled the sale of the Vessel for November 14, 2024 at 11:30 AM at 44 Concord Drive, Hermon, Maine. *See* Report of Sale, ECF No. 26, ¶¶ 4, 7.

5. As prescribed by the Court's Interlocutory Sale Order, the Plaintiff caused notice of the sale to be published in The Ellsworth American, Midcoast Villager, and Mount Desert Islander on October 31, 2024 and November 7, 2024. *Id.* ¶¶ 3 & 4, & Exhibits A, B & C to Report of Sale. The first such notice was published at least 14 days prior to the sale.

6. Central Maine Auction Center advertised the sale on its website from October 23, 2024 through November 14, 2024. *Id.* ¶ 8. Central Maine Auction Center also contacted everyone who registered to bid at two recent U.S. Marshal's Sales of registered fishing vessels and a non-judicial mortgagee's sale of a third registered fishing vessel. *Id.* ¶ 9.

7. Plaintiff was the only registered bidder at the sale. It won with a bid of $29,600, which was $19,600 more than the minimum bid of $10,000. *Id.* ¶ 11.

8.      The fair market value of the Vessel is between $40,000 and $42,500. *See* <u>Exhibit E</u> to Report of Sale. ECF No. 26-5.

9.      Plaintiff's bid of $29,600 is between 70% to 74% of the fair market value of the Vessel.

10.     There have been no objections to the result of the sale, or any overbids submitted to this Court following the sale.

### Argument

**a.      The sale should be confirmed because the sale was properly advertised, and the winning bid was not grossly inadequate.**

11.     "[A] fairly conducted auction should be confirmed unless 'there is a substantial disparity between the highest bid and the appraised or fair market value, and there is a reasonable degree of probability that a substantially better price will be obtained by a resale.'" *Gowen, Inc. v. F/V Quality One*, 2000 U.S. Dist. LEXIS 8587, *14, 2000 AMC 2225, (D. Me. 2000) (citing *Munro Drydock, Inc. v. M/V Heron*, 585 F.2d 13, 14 (1st Cir. 1978)). "Given the inherent circumstances a forced sale, a foreclosure sale is not expected to generate a price equal to or even near the market value of a piece of property." *Id.* Even if the bid is deemed inadequate, "the Court should only order a new auction if the bid is *grossly inadequate*." *Id.* (emphasis added). "Stated another way, the sale price must be so inadequate that it 'shocks the conscience' of the reviewing court." *Wachovia Bank, N.A. v. M/V Sundowner*, 273 F. Supp. 1322, 1323 (M.D. Fla. 2003) (quoting *Walter Heller v. O/S Sonny V.*, 595 F.2d 968, 971 (5th Cir. 1979).

12.     "Granted, the auction was poorly attended, but that factor alone is insufficient to support finding Plaintiff's bid grossly inadequate." *Machias Sav. Bank v. F/V*

*Still Strugglin'*, No. 1:23-cv-00033-JDL, 2023 U.S. Dist. LEXIS 173622, at *3, 2023 WL 6317444 (D. Me. Sep. 28, 2023). There is not a substantial disparity between the fair market value of the Vessel and the highest bid and the appraised or fair market value of the Vessel. The purchase price of $29,600 is 70% to 74% of the fair market value of the Vessel. This is well within the range of an adequate sale price. The Court in *Gowen*, for example, confirmed the sale of a vessel when the fair market value was between two and two and-a-half times the high bid at auction. *Gowen*, 2000 U.S. Dist. LEXIS 8587, at *16; 2000 WL 893402 (D. Me. June 14, 2000).

13. Likewise, there is no suggestion that a higher price could be had if a new auction were to be held. There have not been any objections to the sale, and nobody has submitted an upset bid to this Court. The Vessel is in poor overall condition, which likely explains why nobody other than the Plaintiff participated in the Marshal's sale. *See* Survey, ECF No. 26-5 at pp. 3 & 8. As used in the survey, the term "poor condition" means: "Unusable as is. Requires repairs or replacement of system, component or item to be considered functional." *Id.* p. 2. Given that description, the outcome of the auction is unsurprising.

14. As the sale price cannot be said to be "grossly inadequate", Plaintiff's credit bid of $29,600 should be accepted and the sale should be confirmed.

**b.  A final deficiency judgment should be issued against the *in personam* defendant in the amount of $28,713.67, plus additional accruing pre-judgment interest and attorneys' fees.**

15. Plaintiff has (or will) incur costs, including *in custodia legis* costs in the amount of $9,796.36. *See* Report of Sale, ECF No. 26 ¶ 12. The U.S. Marshal will continue

to accrue insurance premiums of $10.00 per day after December 11, 2024 until the sale is confirmed. *Id.;* Exh. F to Report of Sale.

16. Between February 14, 2024 to December 17, 2024 (310 days), pre-judgment interest in the amount of $4,470.45 has accrued on the judgment amount of $44,046.86 at the rate of 11.95% per annum.[1]

17. A final deficiency judgment in the amount of $28,713.67 plus pre-judgment interest after December 17, 2024 to the date of final judgment, additional accruing costs of the U.S. Marshal and attorneys' fees should enter against the *in personam* defendant. The amount is calculated thus:

| | |
|---|---|
| Judgment Amount | $44,046.86 |
| Pre-Judgment Interest Through 12-17-24 | $4,470.45 |
| Costs (per Report of Sale) | $9,796.36 |
| Sub Total | $58,313.67 |
| Credit for Sale Proceeds: | ($29,600.00) |
| **Deficiency Judgment through 12-17-24** | **$28,713.67** |

18. Plaintiff will submit a motion to allow its attorneys' fees pursuant to D. Me. Local Rule 54.2 within 30 days of the expiration of the time for filing a timely appeal.

WHEREFORE, the Plaintiff prays that:

1. This Court confirm the sale of the F/V "Movin On" to Machias Savings Bank for the sum of $29,600.00.

2. That the Court orders and directs the Marshal to issue a bill of sale for the Vessel to Machias Savings Bank after payment by Machias Savings Bank of any outstanding fees and costs incurred by the Marshal; and

---

[1] The math is as follows: 11.95% of $44,046.86 is $5,263.60. $5,263.60 divided by 365 days equates to a per diem pre-judgment interest accrual of $14.42. $14.42 multiplied by 310 days equals $4,470.45.

3. That a final deficiency judgment in the amount of **$28,713.67,** plus pre-judgment interest accruing after December 17, 2024, and additional costs incurred to the Marshal, and attorneys' fees, and post-judgment interest is entered against the *in personam* defendant Timothy J. Eaton.

Dated at Portland, Maine this 18th day of December, 2024

/s/ Aaron P. Burns
Aaron P. Burns, Esq.
Counsel for Machias Savings Bank

Pearce, Dow & Burns, LLP
P.O. Box 108
Portland, ME 04112-0108
(207) 822-9900
aburns@pearcedow.com

## Certificate of Service

I, Aaron P. Burns hereby certify that I filed this document using the court's ECF/CM system which caused service to be made as set forth in the notice of electronic service.

I have also caused this notice to be mailed to Timothy Eaton at the following last addresses:

| Timothy Eaton | Timothy Eaton |
|---|---|
| 61 Sunset Ave. | P.O. Box 481 |
| Stonington, ME 04681 | Stonington, ME 04681 |

Dated: December 18, 2024

/s/ Aaron P. Burns